| United States District Court | Southern District of Texas |
|---|---|

| Keryl Douglas, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-11-1647 |
| | § | |
| Houston Housing Authority, et al., | § | |
| | § | |
| Defendants. | § | |

## Opinion on Recusal

1. Keryl Douglas has moved for the court to recuse itself because it is biased. (16)

2. Douglas says the court's dismissal of her case at its first conference without notifying her of its intention to discuss the merits of the case shows bias. An adverse ruling – like a dismissal – cannot be evidence of bias because it is an integral judicial function: bias must be shown to stem from an extrajudicial source.[1]

3. Douglas should not have been surprised by this court's questions and ruling. The rules require Douglas to make a thorough investigation of the law and facts before suing. The court's initial order notified Douglas that it would inquire about and resolve motions at the hearing. She does not explain what a reasonable attorney would have expected to discuss at a conference held in the wake of three motions to dismiss.

4. The court has no personal relationship with any of the defendants. The court has a long-term friendship with one of the defense counsels, Craig Washington, and he knows better than the others that if his positions are not predominately sound, his client will lose. Douglas does not identify which defendant – of the 19 she sued – is favored by the court. Conversely, she does not mention what relationship, characteristic, or position of hers provoked the court into an arbitrary hostility toward

---

[1] 28 U.S.C. § 144; United States v. Grinnell Corp., 384 U.S. 563 (1966).

her. Douglas seems to say the court communicated *ex parte* with defense attorneys. She cannot specify what, when, or to whom it was said. This never happened.

5. The court rigorously questioned Douglas in the hearing to determine whether her claims had substance under the law or facts. Douglas was shown to have a shallow, truncated appreciation of the law and to have no sense of relevancy or authenticity about facts. She may take that as hostility, but it is an instance of the court's rigor in its responsibility.

6. Douglas says the court's "spittle" almost landed on her. For this to be true, the court's spittle would have traveled sixteen feet from the bench to her position behind the lectern. Arguments like this illustrate Douglas's tortured imagination and bad physics.

7. Douglas says the court influenced her state-court litigation. Although her briefs are not clear, the court takes her to complain of the court's comment that its judgment is preclusive on related cases. That observation was not extrinsic corruption; it is law.

8. Douglas says the court called her "insane." The court said a "sane" person would not be put in fear for her life by the actions of one of the opposing counsel – a portly, middle-aged man. The court was calling into question whether she – as a presumptively sane person – had exaggerated her fear. The court uses the term in its derivative, metaphorical sense – not in its clinical sense.[2]

9. The things that Douglas says – other than the items that are integral to the case itself – misconstrue the court's rigorous questioning of her meretricious claims as hostility. She is wrong.

Signed on December 9, 2012, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[2] 7 The Oxford English Dictionary 1013 (2nd ed. 1989); Webster's Seventh New Collegiate Dictionary 436 (1965).